IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                          ORDER

        Plaintiff,

                                                          06-cr-221-bbc
                                                          08-cv-575-bbc

    v.

JAMES FRAZIER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant James Frazier was sentenced in this court on November 1, 2007. He has filed a notice of appeal, which is pending. Defendant has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. This is defendant's first motion for relief pursuant to § 2255. His filing is premature; it comes while defendant has an appeal pending. United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993), and a host of other cases cited in Robinson hold that district courts should not entertain § 2255 motions while a direct appeal is pending, absent extraordinary circumstances, none of which is present in this instance. The reason is that the disposition of the appeal may render the § 2255 motion moot. Id. at 405 (quoting Welsh v. United States, 404 F.2d 333 (5th Cir. 1968)).

1

This is not a situation in which the clock is running for the filing of a § 2255 motion. Cf. O'Connor v. United States, 133 F.3d 548, 550 (7th Cir. 1998) (district court should not have dismissed § 2255 motion that was filed while appeal pending on defendant's motion for new trial, filed after direct appeal had been resolved; motion for new trial did not stop running of one year period after conviction had become final within which § 2255 motion could be filed). Defendant cannot even argue that he will have a harder time filing a § 2255 motion after his appeal is decided because such a motion would be considered a second or successive collateral attack subject to dismissal for lack of jurisdiction. O'Connor makes clear that a § 2255 motion that is dismissed as premature, without a decision on the merits, does not count as an initial motion for the purpose of invoking the second or successive collateral attack rule. Id.

Finding no extraordinary reason to entertain defendant's § 2255 motion, I will dismiss it as premature.

ORDER

IT IS ORDERED that defendant James Frazier's motion for relief pursuant to 28

2

U.S.C. § 2255 is DISMISSED because it was filed while defendant's direct appeal is pending.

Entered this 2d day of October, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3